**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Craig AZURE, Sr., Defendant—Appellant.**

**No. 01–30206.**

**D.C. No. CR–00–00051–RHW.**

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2002 *.

Decided March 11, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before ALARCÓN, and SILVERMAN, Circuit Judges, and BREWSTER,** Senior District Judge.

## MEMORANDUM ***

Craig Azure, Sr. appeals from the judgment entered following his conviction by a jury of assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3). He contends that the district court erred in denying his motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. He argues that the evidence produced by the Government was insufficient as a matter of law to demonstrate that he had the specific intent to inflict bodily harm upon the victim, Dennis Welch, Sr. Azure also seeks reversal on the ground that the Government failed to present sufficient evidence that he did not act in self-defense or use more force than was reasonably necessary under the circumstances. We affirm because we conclude that the evidence presented by the Government was sufficient to persuade a rational trier of fact that Azure intentionally struck Welch with a dangerous weapon to do bodily harm, that Azure did not act in self-defense, and that Azure used more force than was reasonably necessary.

## I

In determining whether the evidence to support a conviction is legally sufficient, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because the parties are familiar with the facts and the procedural posture of this case, we do not summarize them here except where necessary to discuss Azure's contentions.

At trial, Azure rested without calling any witnesses to support his alternative theories that he did not specifically intend to inflict bodily harm and that he acted in self-defense. He relied, instead, on Welch's testimony as a prosecution witness that while engaged in a fist fight with Azure, they struggled over a metal weight bar. Welch was intoxicated. He recalled that his body hit the floor but had no memory of being struck on the head by Azure. He next recalled waking up in the hospital.

The Government also introduced Azure's statement to the police that he threw the metal bar to the floor to get it away from Welch and it accidentally bounced up and struck him on the head. Nancy Diemunsch also testified at trial concerning a conversation she had with Azure at the hospital where Welch was taken after he was injured. Azure told her that he had beaten up Welch "pretty bad" and that the police were going to be coming after him.

---

** Honorable Rudi M. Brewster, Senior United States District Judge for the District of Southern California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Azure also told Ms. Diemunsch that he had hit Welch on the head with a weight bar "just once."

Viewing the evidence in the light most favorable to the Government, the jury was free to reject the self-serving statement Azure gave to the police more than one month after Welch was injured, and to conclude from Azure's admissions to Ms. Diemunsch that he intentionally beat up the victim "pretty bad" by striking him on the head with a metal weight bar.

Contrary to Azure's contentions, the Government met its burden of presenting sufficient evidence to persuade a rational trier of fact that Azure specifically intended to inflict bodily harm, and did not use reasonable force in striking Welch with the metal weight bar to terminate a fist fight.

AFFIRMED.